IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40648
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CLEMENTE GONZALEZ-RODRIGUEZ;
JOSE GUADALUPE RODRIGUEZ-CERDA,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-453-3
_____

April 19, 2000

Before POLITZ, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Juan Clemente Gonzalez-Rodriguez and Jose Guadalupe Rodriguez-Cerda

appeal their convictions for traveling in foreign commerce with the intent to commit a

crime of violence to further unlawful drug-trafficking activity. They contend that the

evidence was insufficient to support their convictions because the prosecution did not

prove that they intended to commit the crime of violence, specifically the murder of Leo

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alaniz, Jr., when they traveled from Mexico to the United States. The evidence of the actions of the defendants, both before and after they traveled to the United States, is such that a reasonable trier of fact could have found that the elements of the crime were proven beyond a reasonable doubt.[2] Rodriguez-Cerda also challenges the sufficiency of the evidence for lack of proof that he actually attempted to murder Alaniz. Such proof was not required; the prosecution need only establish that he committed an overt act in furtherance of the intent to commit an act of violence after traveling to the United States.[3] The evidence establishes that after traveling to the United States, Rodriguez-Cerda committed several overt acts in furtherance of the intent to murder Alaniz, including securing transportation, obtaining a rifle, testing the rifle, and cruising Madero, Texas, where Alaniz lived, planning his demise.

Rodriguez-Cerda also contends that the evidence was insufficient to support his convictions for being a felon in possession of a firearm, and an illegal alien in possession of a firearm. We are not persuaded. The evidence establishes that he exercised dominion and control over the firearm at issue.[4]

The convictions are AFFIRMED.

---

[2]**United States v. Ortega Reyna**, 148 F.3d 540 (5th Cir. 1998); see also **United States v. Hinojosa**, 958 F.2d 624 (5th Cir. 1992).

[3]**United States v. Abadie**, 879 F.2d 1260 (5th Cir. 1989).

[4]**United States v. Speer**, 30 F.3d 605 (5th Cir. 1994).